JORDAN S. ALTURA (SBN: 209431)
TINO X. DO (SBN: 221346)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
jaltura@grsm.com
tdo@grsm.com

Attorneys for Defendant
CIGNA HEALTH AND LIFE INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMMIT ESTATE, INC. a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 5:17-cv-03871-LHK<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[FED R. CIV. P. 12(b)(6)]<br><br>Date: March 15, 2018<br>Time: 1:30 p.m.<br>Ctrm.: 8, 4th Floor<br><br>Hon. Lucy H. Koh<br><br>Complaint Filed: May 1, 2017<br><br>Removed: July 7, 2017<br><br>Trial Date: January 28, 2019 |

## I. INTRODUCTION

Plaintiff Summit Estate, Inc. was given leave to amend to attempt to correct the significant defects in its claims for fraud/misrepresentation, prohibitory injunctive relief, quantum meruit and violation of Business and Professions Code section 17200. Indeed, the Court's October 10, 2017 Order explained what allegations Plaintiff must make for these causes of action to survive. While Plaintiff's First Amended Complaint now includes some cosmetic

-1-

additions, the new allegations are insufficient. Moreover, Plaintiff's arguments in its Opposition to Cigna's Motion to Dismiss only demonstrate that Plaintiff is unable to cure the defects in its pleading.

In an attempt to save the fraud, concealment and negligent misrepresentation claims, Plaintiff provides limited information concerning some Cigna representatives who Plaintiff contends were involved in telephone verification calls, and four dates on which those calls may have occurred. However, these claims are still insufficiently pled – even with the additional allegations. Recognizing that the allegations remain deficient, Plaintiff attempts to avoid its obligation to plead fraud with specificity by relying on *Tenet Healthsystems Desert, Inc. v. Blue Cross of California*, 245 Cal.App.4th 821, 837-38 (2016) – a case that actually supports Cigna's position. Plaintiff still does not allege any meaningful details as to circumstances surrounding the purported misrepresentations that would enable Cigna to investigate and prepare defenses to those claims. For example, Plaintiff still fails to provide any identifying information concerning the plan members who allegedly received treatment from Plaintiff. Plaintiff concedes the First Amended Complaint fails to allege this foundational information but asserts that this omission should be excused because Plaintiff informally provided certain information to Cigna. This contention misses the point; the law is clear that specificity in the pleading is required to adequately assert a fraud claim, and Plaintiff cites no authority for the proposition that providing some information informally excuses this important pleading requirement. In addition, Plaintiff has not provided other critical information that is in its control, such as the names of Plaintiff's representatives to the telephone calls, or all of the dates of those calls in which the misrepresentations allegedly occurred, or specifically what was said. Without this information, Cigna remains unable to identify the claims or purported communications at issue that Plaintiff contends would support a fraud claim.

Plaintiff also fails to rebut that its other causes of action at issue in this motion to dismiss are not sufficiently plead as matter of law. Plaintiff's claim for prohibitory injunction relief is not a proper cause of action, and Plaintiff fails to allege any statutory basis for this equitable relief. Plaintiff cannot allege all of the requirement elements for quantum meruit, and its

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

conclusory legal arguments are not proper factual allegations. Plaintiff has failed to address that its unfair business practice claim is defective because it is not sufficiently pled, Plaintiff does not have standing, and Plaintiff has an adequate legal remedy.

It is apparent that Plaintiff is unable to correct its pleading deficiencies. Cigna respectfully requests that the Court grant this motion to dismiss, with prejudice.

## II. ARGUMENT

### A. Plaintiff's Claims in Its First Amended Complaint Remain Deficient as a Matter of Law

#### 1. The Fraud and Misrepresentation Claims Are Not Sufficiently Pled

Plaintiff contends that its fraud, intentional and negligent misrepresentation and concealment causes of action are excused from the heightened pleading requirements under Federal Rule of Civil Procedure 9(b), and again relies on *Tenet Healthsystems Desert, Inc. v. Blue Cross of California*, 245 Cal.App.4th 821, 837-38 (2016) as its primary legal support. However, *Tenet* remains inapposite given the vast difference between the information alleged in that case and the scant information provided by Plaintiff in its First Amended Complaint. Indeed, Plaintiff's citation to *Tenet* serves only to emphasize Plaintiff's inability to allege the facts necessary to substantiate a valid fraud cause of action against Cigna.

While *Tenet* is facially similar to this case in that it involved fraud claims alleged by a medical provider based on verification communications, the *Tenet* court found that the provider had sufficiently met the pleading requirements for fraud because it had provided the following information in its pleading:

- Identifying information regarding the *single* patient at issue in that case;

- Multiple written and oral communications made by the defendants in which defendants authorized the medical services;

- The dates, times, and names of the individuals who initiated those communications on behalf of the provider; and

- One specific conversation between an identified employee/agent of defendants and a hospital representative in which the employee/agent not only authorized but specifically requested that the hospital admit the patient. *Tenet Healthsystems*, 245 Cal.App.4th at 838-39.

-3-
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

In stark contrast, in this case Plaintiff does not allege any details of the claimed misrepresentations by Cigna with any specificity. As with its initial Complaint, Plaintiff continues to make vague allegations regarding its fraud claims:

- Plaintiff treated "numerous patients" who were insured by Cigna [but does not provide the actual number of patients at issue or any identifying information for those patients]; (FAC, ¶ 5)
- Plaintiff contacted Cigna to verify insurance benefits; (*Id*., ¶ 6)
- Cigna purportedly advised Plaintiff that the policies provided for and Cigna would pay for treatment at the UCR rate; (*Id*.)
- Plaintiff submitted claims for treatment of the unidentified patients; (*Id*., ¶ 7)
- Within the past two years, Plaintiff and Cigna entered into negotiations for the treatment and services of the unidentified patients; (*Id*., ¶ 14)
- Cigna, with purported intent to deceive and defraud Plaintiff, falsely and fraudulently made representations to Plaintiff; (*Id*.)
- Plaintiff, reasonably believing and relying upon said representations, provided treatment to Plaintiff's plan members; (*Id*. ¶ 16)
- Within the past two years, Plaintiff discovered that the representations made by Cigna were false. (*Id*., ¶ 17.)

Unlike the provider in *Tenet*, Plaintiff fails to allege who made the alleged statements, what exactly was said, when the statements were made, to whom exactly the statements were made, what was false or misleading about the statements or why they were false. Further, the precise holding in *Tenet* quoted by Plaintiff regarding a party being relieved of pleading specificity requirements because defendants had superior knowledge relates only to communications from "unnamed" case managers. *Tenet Healthsystems*, 245 Cal.App.4th at 840. The *Tenet* court explained that defendants could not complain about plaintiff failing to identify these unnamed case managers because the plaintiff had provided enough identifying information on the rest of the circumstances of the communications for defendants to identify those case managers. *Id*.

In this case, Plaintiff still has not provided any identifying information in its First Amended Complaint on the plan members at issue in this case. Indeed, Plaintiff admits that its First Amended Complaints fails to include this basic information. *See* Plaintiff's Opposition,

p. 2 ("… CIGNA observes that the FAC does not allege information concerning the plan members or claims at issue …. That is true.") Cigna raised this omission in its initial motion to dismiss but Plaintiff continues to incorrectly assert that it does not have to provide any identifying information for the plan members in its pleading. *See* Cigna's July 14, 2017 Motion to Dismiss at p. 5 n.3 ("As indicated above, Plaintiff fails to identify any of the patients to whom it allegedly provided substance abuse treatment or otherwise identify any of the specific claims it submitted to Cigna."). Plaintiff does not allege that all of the Cigna plan members it has treated over the years are at issue, only some of them. As such, Plaintiff must provide identifying information on those specific plan members in its pleading. That Plaintiff may have informally provided some information to Cigna outside of its pleadings is not sufficient for purposes of this motion. *See Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (noting that a district court may not look beyond the complaint in determining the propriety of a Rule 12(b)(6) motion to dismiss). Similarly, Plaintiff's vague references to HIPAA considerations – without citation to any specific statute or case law supporting its position – do not excuse Plaintiff's pleading deficiencies. Further, none of Plaintiff's asserted justifications for failing to adequately amend its pleading address Plaintiff's failure to identify its own representatives who allegedly conducted the verification calls with Cigna, or all of the dates the alleged verification calls took place. Plaintiff's entire case is based on alleged statements purportedly made during these verification calls; it should be required to provide the details of all such calls for each patient and claim at issue. Under these circumstances, Cigna certainly does not have "superior knowledge" to Plaintiff with regard to Plaintiff's claims.

   Plaintiff also fails to address the fact its fraud claims are deficient because it neglects to allege what damage it sustained purportedly due to Cigna's alleged misrepresentations that is different from the damages it allegedly sustained due to its breach of contract causes of action. *See Abbot v. Stevens*, 133 Cal.App.2d 242, 247 (1955) ("Fraudulent representations which work no damage cannot give rise to an action at law, and an allegation of a definite amount of damage is essential to stating a cause of action").

   The repeated defects in the First Amended Complaint demonstrate Plaintiff is unable to

-5-
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

adequately allege fraud and misrepresentation claims against Cigna. These causes of action must be dismissed, with prejudice.

### 2. The Claim for Prohibitory Injunctive Relief Fails as a Matter of Law

In its Opposition, it appears Plaintiff is now attempting to tether its cause of action for prohibitory injunctive relief to alleged violations of California Health and Safety Code section 1371. However, Plaintiff does not make this allegation in its First Amended Complaint, and therefore cannot rely upon this statute now. *See Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 U.S. Dist. LEXIS 165744 at \*14 (C.D. Cal. 2014) ("Arguments made in briefs are not facts alleged in the complaint, and the court cannot consider them in deciding a motion to dismiss."). Moreover, the Court has already concluded that California Health and Safety Code sections 1371.8 and 1371.37 are inapplicable to this case. *See* October 10, 2017 Order Granting Cigna's Motion to Dismiss, pp. 12-17. Plaintiff's apparent reliance on Section 1371 disregards the Court's ruling.

Injunctive relief is a remedy and not a separate and independent claim under California law. Plaintiff's claim for prohibitory injunctive relief fails as a matter of law, and should be dismissed with prejudice.

### 3. The Quantum Meruit Claim Is Deficient

While Plaintiff cites the general law on quantum meruit, it fails to connect this principle to the facts of the instant case. As argued in Cigna's first motion to dismiss, quantum meruit arises from the performance of services for the defendant ***at the defendant's request***, and allegations that those services benefited the defendant. *See Day v. Alta Bates Medical Center*, 98 Cal.App.4th 243, 248 (2002) ("[I]n order to recover under a quantum meruit theory, a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for such services from the defendant and that the services rendered were intended to and did benefit the defendant.") With its First Amended Complaint, Plaintiff still fails to allege that Cigna requested that Plaintiff provide services to the plan members at issue in this case because Plaintiff cannot deny the fact that Cigna did not make any such request. Plaintiff now contends that Cigna's alleged promise to pay UCR rates during telephone verification calls ***after*** the plan

-6-
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

members allegedly sought Plaintiff's services is the legal equivalent of a request for services by Cigna. This contention merely demonstrates the futility of Plaintiff's quantum meruit cause of action. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2005) (in deciding a Rule 12(b)(6) motion to dismiss, a court does "not accept any unreasonable inferences or assume the truth of legal conclusion cast in the form of factual allegations"). Plaintiff cites no authority for the proposition that a verification of benefits may be construed as a ***request*** by the insurer to provide the services, ***or*** that providing services to the patient "benefits" the insurer. This is because there is no such authority.

### 4. Plaintiff Fails to State a Claim for Unfair Business Practices

Plaintiff contends that it has sufficiently pled a claim for unfair business practices under Business & Professions Code section 17200, *et seq.* ("UCL") because it has alleged that Cigna engaged in fraudulent business practices and violated California Health and Safety Code section 1371 in general. Plaintiff's contentions remain unavailing.

As discussed in Section A.1. above, Plaintiff fails to adequately plead fraud because the First Amended Complaint does not provide the necessary specifics or information regarding the circumstances of the alleged misrepresentations. Similarly, Plaintiff fails to allege with the required particularity the facts supporting statutory violations. *See Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993).

Based on its contention that Cigna paid Plaintiff's claims at rates lower than the "UCR", Plaintiff alleges that Cigna violated California Health and Safety Code section 1371 and California Insurance Code section 790.03. As stated above in Section A.2., the Court has already held the various parts of California Health and Safety Code section 1371 have no application to this case, and Plaintiff has alleged nothing new that would change the Court's ruling. Further, Plaintiff did not allege any violation of California Insurance Code section 790.03 in its First Amended Complaint, and may not do so now in its Opposition brief. Plaintiff simply fails to allege sufficient facts to support any statutory predicate for a UCL claim.

Finally, even if the Court were to overlook the foregoing defects, Plaintiff also fails to address the fact that it does not have standing to pursue a claim under the UCL because it has not

alleged that it lost money or property as a result of unfair business practices. *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F. 3d 718, 731-32 (9th Cir. 2007). Plaintiff also disregards that it cannot seek damages or compensation under the UCL as the UCL only permits equitable remedies, and Plaintiff has an adequate remedy at law to address its claims that it was underpaid. *See Bush v. California Conservation Corps.,* 136 Cal.App.3d 194, 204 (1982) (stating that where the plaintiff has an adequate remedy at law, UCL relief is not proper). Plaintiff seeks damages due to "increased administrative and overhead expenses and fees attributable to claims collection/negotiation," but these contentions do not provide a basis for equitable relief, nor do they demonstrate that Plaintiff's legal remedies are inadequate.

Plaintiff has failed to cure the defects identified by the Court's Order, and the First Amended Complaint demonstrates it is unable to state a claim for violation of the UCL, as a matter of law.

### III. CONCLUSION

Cigna respectfully requests that the Court grant its motion to dismiss Plaintiff's claims for intentional misrepresentation, negligent misrepresentation, fraudulent concealment, prohibitory injunctive relief, quantum meruit and violation of Business and Professions Code section 17200 without leave to amend.

Dated: January 9, 2018

GORDON & REES LLP

By */s/ Jordan S. Altura*
      Jordan S. Altura
      Tino X. Do
Attorneys for Defendant
CIGNA HEALTH AND LIFE INSURANCE

1140115/36247615v.1